UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Raul P. GONSALVES,<br>  Petitioner,<br><br>V.<br><br>Michael THOMPSON,<br>(Superintendant, MCI Shirley),<br><br>&<br><br>Thomas RHILEY,<br>(Attorney General of Mass.).<br>  Respondents. | 05-1 | Civ. No._____<br><br>Judge_____<br><br><br>Mag. Judge_____ |

## Petitioner's Motion for an Evidentiary Hearing

### I. INTRODUCTION

On March 12th, 2005, the Petitioner, Raul P. Gonsalves filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### II ARGUMENT

Clearly, this Court, exercising its sound discretion, may grant an evidentiary hearing in proceedings brought pursuant to 28 U.S.C. § 2254. The holding of such a hearing is in the discretion of the district judge. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745 (1963). Fryar v. Bissonette, 113 F.Supp.2d 175, 179 (D.Mass. 2000).

In cases involving a claim of ineffective assistance of counsel, a petitioner is entitled to an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases in United States District Courts upon alleging "sufficient facts to show the reasonable probability of a different outcome". Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled on seperate grounds by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992).

It is submtted that the Petitioner in the present case has alleged more than sufficient facts to show the reasonable

possibility of a different outcome. The facts of the case establish that a warrantless search occured on a private premises, absent exigent circumstances and that counsels failed to litigate the matter. The sole basis of the instant case was the evidence obtained during the warrantless search and seizure. The "prejudice" essential to a Sixth Amendment right to the effective assistance of counsel is not being convicted though one is innocent, although that is the worst kind; it is being convicted when one would have been acquitted, or at least would have had a good shot at acquittal, had one been competently represented. Owens v. U.S., 387 F.3d 607, 610 (7th Cir. 2004).

The Petitioner should be granted an evidentiary hearing because under AEDPA's 2254(e)(2), a habeas petitioner is entitled to an evidentiary hearing under the following circumstances...

(B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The facts of the instant case establish that the evidence used to obtain the conviction were obtained in violation of the Fourth Amendment and that counsels failure to raise the issue constituted ineffective assistance of counsel.

Had counsels raised the issue and the evidence been suppressed the case would have been dismissed because the sole basis of the instant case was the 4-wheel off-road vehicle recoverd during the warrantless search and seizure.

Under the old Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745 (1963), it was declared that, where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state-court, either at the time of trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state court trier of fact has after a full hearing reliably found the relevant facts. Fryar v. Bissonnette, 113 F.Supp.2d 175, at 179 (D.Mass. 2000).

In the instant case the Petitioner was denied an evidentiary hearing on his Rule 30 motion.(R.A. 50). Without any written findings of fact. The Massachusetts Appeals Court denied the appeal of the rule 30 motion without any written findings of fact. (R.A 55-56). The appeals Court briefly stated that they agree with the Commonwealth's argument in it's brief, Pg's. 14 thru 19. In the commonwealth's brief, the commonwealth mis-stated the facts. See page seventeen of commonwealths brief.(R.A. 69). (claiming that,"the officer's conduct in witnessing the illegal operation of the ATV established probable cause to follow it peacefully into the 'semi-private' area of the driveway"). The officer did not follow the vehicle onto the premises. He traveled down the street and parked his cruiser further than where he "believed" it pulled into.(Tr.I 98). The officer then walked toward where he "believed" the vehicle disappeared to.(Tr.I 98). The vehicle was not discoverd in a semi-private area of the driveway. It was behind the garage parked on the west side.(R.A. 84).

It is believed that an evidentiary hearing would establish

-3-

or provide facts necessary to prove the Petitioner's claims. Because of counsels non-strategic failer to spot and develop a record as to the search and seizure and the state-court's failure to hold an evidentiary hearing, there remains questions as to the search and seizure issue. Further, it is believed that both trial counsel and appeals counsel were ineffective for failing to raise a viable claim of illegal search and seizure.

## CONCLUSION

Based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to grant the Petitioner an evidentiary hearing.

Dated: 3/12/05

Respectfully Submitted,

*Raul Gonsalves*

Raul P. Gonsalves W68842
P.O. Box 1218
Shirley, MA 01464

-4-