UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Raul P. GONSALVES,<br><br>    Petitioner,<br><br>V.<br><br>Michael THOMPSON,<br>Superintendent of MCI Shirley Medium;<br>    &<br>Thomas F. REILLY.<br>Attorney General of Massachusetts,<br><br>    Respondents. | Civil Action Number<br><br>_____<br><br>Judge<br><br>_____<br><br>Magistrate Judge<br><br>_____ |

MOTION TO APPOINT COUNSEL
FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2254

The Petitioner, Raul P. Gonsalves, requests that this Honorable Court appoint counsel for his petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

As reasons therefore,

1.) The Petitioner is indigent and without funds to hire an attorney.

2.) On December 5, 2000, the Petitioner was convicted in the State Court, Barnstable Superior Court, by a jury for receiving stolen motor vehicle in violation of M.G.L.c. 266 § 28. His trial attorney filed a motion to withdraw, which was allowed and Petitioner borrowed money from his family to hire an appeals attorney. The appeal was denied and the conviction affirmed. The Petitioner then attempted to get counsel appointed for post conviction matter, New Trial Motion. However, all attempts were denied.

3.) The Petitioner filed a new trial motion pursuant to Mass. Rule 30, pro se. He was denied by the Superior Court Judge (Connon, J.) without any written findings of fact.

4.) The Petitioner appealed the Superior Court's decision denying the New Trial motion, to the Mass.App.Ct. The appeal was docketed in the Appeals Court on July 23, 2003, under Commonmwealth v. Gonsalves, No.2003-P-981. On November 5th, 2004, the Appeals Court issued an unpublished decision affirming the Superior Court decision.(Denying the New Trial Motion).

5.) On November 15, 2004, the Petitioner filed for Further appellate review in the Massachusetts Supreme Judicial Court. On March 2nd, 2005, the Supreme Judicial Court of Massachusetts denied the application .(R.A. 60).

6.) Due to the conviction which is believed to be obtained in violation of the Constitution, the Petitioner will be deported. Once the Petitioner is deported to Portugal, it is believed that he will not have access to the laws of the United States.

Deportation is a drastic measure that will cause the Petitioner and his family alot of hardship. Due to the circumstances of the present case and the Constitutional issues involved, Petitioner prays that this Honorable Court appoint counsel for writ of Habeas Corpus (28 U.S.C. § 2254).

Dated: 3/12/05

Respectfully Submitted,

*Raul Gonsalves*

Raul P. Gonsalves W68842
P.O. Box 1218
Shirley, MA 01464