United States District Court
District of Massachusetts

No.05-10618-RCL

Raul GONSALVES,
    Petitioner,

v.

Michael THOMPSON et al,
    Respondents.

## Motion For Reconsideration Of Procedural Order to Name Only Michael Thompson as Respondent

The Petitioner respectfully requests this honorable Court reconsider its decision to remove the Attorney General of Massachusetts as one of the respondents.(See Exhibit A).

Although the Court is correct that, Petitioner's legal custodian is the Superintendent of MCI Shirley Medium, the individual having day-to-day control over the facility in which the petitioner is being detained. Rumsfeld v. Padilla, 124 S.Ct. 2711, 2720 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000). It is believed that the petitioner should name the Attorney General of Massachusetts because he faces future custody with Immigration, or Department of Homeland Security [1] (DHS) at the completion of his sentence that he is now serving, due to the conviction now being challenged and once he is no longer in state custody the Respondent will then become the Attorney General of Massachusetts.

In the above cited cases the petitioners/respondents were challenging there present physical custody. The petitioner in the present case is challenging the lawfulness of the conviction because it is very likely that he will not be

---

[1] Hereinafter referred to as DHS.

(Pg. 1 of 2)

in custody of the state by the time this matter is resolved, rather he will be in Federal custody of DHS, due to the conviction now being challenged.

In Rule 2 of the Rules Governing 2254 Cases, Subdivision (b), in the ADVISORY COMMITTEE NOTES, 1976 Adoption, Subdivision (b) prescribes the procedure to be used for a petition challenging a judgement under which the petitioner will be subject to custody in the future. In this event the relief sought will usually not be released from present custody, but rather for a declaration that the judgement being attacked is invalid. Subdivision (b) provides for a prayer for "appropriate relief". It is also provided that the attorney general of the state judgement as well as the state officer having actual custody of the petitioner shall be named as respondents. (See Exhibit B). Although there is some question as to whether Subdivision (b) applies to petitioner because he is presently in custody pursuant to the state judement in question, which would fall under Subdivision (a). It is believed that Subdivision (b) is also applicable to the present case because the petitioner faces future custody and deportation, due to the conviction, which is a "concrete injury, caused by the conviction and redressable by invalidation of the conviction." See Spencer v. Kemna, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983 (1998).

WHEREFORE, Petitioner prays the Court to reconsider its order and leave the Attorney General of Massachusetts as a Respondent.

*Raul Gonsalves*
Raul Gonsalves, pro se
P.O. Box 1218
Shirley, MA 01464

June 6th, 2005

(Pg. 2 of 2)

## CERTIFICATE OF SERVICE

I, Raul Gonsalves, hereby certify that I have served a copy of the Motion for reconsideration of Procedural Order to Name only Michael Thompson as Respondent by causing them to be placed in the institutional mail box, postage prepaid, addressed as follows:

1.) Michael Thompson, Superintendent, MCI Shirley Medium
    P.O. Box 1218
    Shirley, MA 01464

2.) Cathryn Neaves, Chief, Appellate Division
    Attorney General for the Commonwealth of Massachusetts
    One Ashburton Place, 18th Floor
    Boston, MA 02108-1598

On June 7th, 2005.

*Raul Gonsalves* (signature)

Raul Gonsalves W68842
P.O. Box 1218
Shirley, MA 01464

# Exhibit A

## Other Orders/Judgments

1:05-cv-10618-RCL Gonsalves v. Thompson et al

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from McGlamery, Jeanette entered on 5/27/2005 at 5:53 PM EDT and filed on 5/27/2005
**Case Name:**     Gonsalves v. Thompson et al
**Case Number:**   1:05-cv-10618
**Filer:**
**Document Number:** 8

**Docket Text:**
Judge Reginald C. Lindsay : Electronic ORDER entered. PROCEDURAL ORDER. The Clerk shall correct the case caption to reflect that the only respondent to this action is Michael Thompson. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. s 2243. Petitioner's legal custodian is the superintendent of MCI Shirley, the individual having day-to-day control over the facility in which the petitioner is being detained. Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001). (McGlamery, Jeanette)

The following document(s) are associated with this transaction:

**1:05-cv-10618 Notice will be electronically mailed to:**

**1:05-cv-10618 Notice will not be electronically mailed to:**

Raul Gonsalves
W-68842
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464

# Exhibit B



# RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS

Effective February 1, 1977
Amendments received to January 21, 2005

Rule
1. Scope.
2. The Petition.
3. Filing the Petition; Inmate Filing.
4. Preliminary Review; Serving the Petition and Order.
5. The Answer and the Reply.
6. Discovery.
7. Expanding the Record.
8. Evidentiary Hearing.
9. Second or Successive Petitions.
10. Powers of a Magistrate Judge.
11. Applicability of the Federal Rules of Civil Procedure.

### APPENDIX OF FORMS

Petition for Relief From a Conviction or Sentence By a Person in State Custody.
(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus).

### ORDERS OF THE SUPREME COURT OF THE UNITED STATES ADOPTING AND AMENDING RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS

#### ORDER OF APRIL 26, 1976

1. That the rules and forms governing proceedings in the United States District Courts under Section 2254 and Section 2255 of Title 28, United States Code, as approved by the Judicial Conference of the United States be, and they hereby are, prescribed pursuant to Section 2072 of Title 28, United States Code and Sections 3771 and 3772 of Title 18, United States Code.

2. That the aforementioned rules and forms shall take effect August 1, 1976, and shall be applicable to all proceedings then pending except to the extent that in the opinion of the court their application in a particular proceeding would not be feasible or would work injustice.

3. That THE CHIEF JUSTICE be, and he hereby is, authorized to transmit the aforementioned rules and forms governing Section 2254 and Section 2255 proceedings to the Congress in accordance with the provisions of Section 2072 of Title 28 and Sections 3771 and 3772 of Title 18, United States Code.

#### CONGRESSIONAL ACTION ON PROPOSED RULES AND FORMS GOVERNING PROCEEDING UNDER 28 U.S.C. §§ 2254 AND 2255

Pub.L. 94–349, § 2, July 8, 1976, 90 Stat. 822, provided: "That, notwithstanding the provisions of section 2072 of title 28 of the United States Code, the rules and forms governing section 2254 cases in the United States district courts and the rules and forms governing section 2255 proceedings in the United States district courts which are embraced by the order entered by the United States Supreme Court on April 26, 1976, and which were transmitted to the Congress on or about April 26, 1976, shall not take effect until thirty days after the adjournment sine die of the 94th Congress, or until and to the extent approved by Act of Congress, whichever is earlier."

Pub.L. 94–426, § 1, Sept. 28, 1976, 90 Stat. 1334, provided: "That the rules governing section 2254 cases in the United States district courts and the rules governing section 2255 proceedings for the United States Supreme Court, which were delayed by the Act entitled 'An Act to delay the effective date of certain proposed amendments to the Federal Rules of Criminal Procedure and certain other rules promulgated by the United States Supreme Court' (Public Law 94–349), are approved with the amendments set forth in section 2 of this Act and shall take effect as so amended, with respect to petitions under section 2254 and motions under section 2255 of title 28 of the United States Code filed on or after February 1, 1977."

#### ORDER OF APRIL 30, 1979

1. That Rule 10 of the Rules Governing Proceedings in the United States District Courts on application under Section 2254 of Title 28, United States Code, be, and hereby is, amended to read as follows:

*[See amendment made thereby under Rule 10, post.]*

2. That Rules 10 and 11 of the Rules Governing Proceedings in the United States District Courts on a motion under Section 2255 of Title 28, United States Code, be, and they hereby are, amended to read as follows:

*[See amendments made hereby under Rules 10 and 11 set out following section 2255.]*

3. That the foregoing amendments to the Rules Governing Proceedings in the United States District Courts under Section 2254 and Section 2255 of Title 28, United States Code, shall take effect on August 1, 1979, and shall be applicable to all proceedings then pending except to the extent that in the opinion of the court their application in a particular proceeding would not be feasible or would work injustice.

4. That THE CHIEF JUSTICE be, and he hereby is, authorized to transmit the aforementioned amendments to the Rules Governing Section 2254 and Section 2255 Proceedings to the Congress in accordance with the provisions of

# Rule 1                     RULES—SECTION 2254 CASES

See also *Preiser v. Rodriguez*, 411 U.S. at 486 et seq.

Since *Carafas*, custody has been construed more liberally by the courts so as to make a § 2255 motion or habeas corpus petition proper in more situations. "In custody" now includes a person who is: on parole, *Jones v. Cunningham*, 371 U.S. 236 (1963); at large on his own recognizance but subject to several conditions pending execution of his sentence, *Hensley v. Municipal Court*, 411 U.S. 345 (1973); or released on bail after conviction pending final disposition of his case, *Lefkowitz v. Newsome*, 95 S.Ct. 886 (1975). See also *United States v. Re*, 372 F.2d 641 (2d Cir.), cert. denied, 388 U.S. 912 (1967) (on probation); *Walker v. North Carolina*, 262 F.Supp. 102 (W.D.N.C.1966), aff'd per curiam, 372 F.2d 129 (4th Cir.), cert. denied, 388 U.S. 917 (1967) (recipient of a conditionally suspended sentence); *Burris v. Ryan*, 397 F.2d 553 (7th Cir. 1968); *Marden v. Purdy*, 409 F.2d 784 (5th Cir. 1969) (free on bail); *United States ex rel. Smith v. Dibella*, 314 F.Supp. 446 (D.Conn.1970) (release on own recognizance); *Choung v. California*, 320 F.Supp. 625 (E.D.Cal.1970) (federal stay of state court sentence); *United States ex rel. Meadows v. New York*, 426 F.2d 1176 (2d Cir. 1970), cert. denied, 401 U.S. 941 (1971) (subject to parole detainer warrant); *Capler v. City of Greenville*, 422 F.2d 299 (5th Cir. 1970) (released on appeal bond); *Glover v. North Carolina*, 301 F.Supp. 364 (E.D.N.C.1969) (sentence served, but as convicted felon disqualified from engaging in several activities).

The courts are not unanimous in dealing with the above situations, and the boundaries of custody remain somewhat unclear. In *Morgan v. Thomas*, 321 F.Supp. 565 (S.D.Miss. 1970), the court noted:

> It is axiomatic that actual physical custody or restraint is not required to confer habeas jurisdiction. Rather, the term is synonymous with restraint of liberty. The real question is how much restraint of one's liberty is necessary before the right to apply for the writ comes into play. * * *
>
> It is clear however, that something more than moral restraint is necessary to make a case for habeas corpus.

### 321 F.Supp. at 573

*Hammond v. Lenfest*, 398 F.2d 705 (2d Cir. 1968), reviewed prior "custody" doctrine and reaffirmed a generalized flexible approach to the issue. In speaking about 28 U.S.C. § 2241, the first section in the habeas corpus statutes, the court said:

> While the language of the Act indicates that a writ of habeas corpus is appropriate only when a petitioner is "in custody" * * * the Act "does not attempt to mark the boundaries of 'custody' nor in any way other than by use of that word attempt to limit the situations in which the writ can be used." * * * And, recent Supreme Court decisions have made clear that "[i]t [habeas corpus] is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." * * * "[B]esides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."

### 398 F.2d at 710–711

There is, as of now, no final list of the situations which are appropriate for habeas corpus relief. It is not the intent of these rules or notes to define or limit "custody."

It is, however, the view of the Advisory Committee that claims of improper conditions of custody or confinement (not related to the propriety of the custody itself), can better be handled by other means such as 42 U.S.C. § 1983 and other related statutes. In *Wilwording v. Swanson*, 404 U.S. 249 (1971), the court treated a habeas corpus petition by a state prisoner challenging the conditions of confinement as a claim for relief under 42 U.S.C. § 1983, the Civil Rights Act. Compare *Johnson v. Avery*, 393 U.S. 483 (1969).

The distinction between duration of confinement and conditions of confinement may be difficult to draw. Compare *Preiser v. Rodriguez*, 411 U.S. 475 (1973), with *Clutchette v. Procunier*, 497 F.2d 809 (9th Cir. 1974), modified, 510 F.2d 613 (1975).

### 2004 Amendments

The language of Rule 1 has been amended as part of general restyling of the rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic and no substantive change is intended.

## Rule 2.   The Petition

**(a) Current Custody; Naming the Respondent.** If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

**(b) Future Custody; Naming the Respondents and Specifying the Judgment.** If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. The petition must ask for relief from the state-court judgment being contested.

**(c) Form.** The petition must:

   (1) specify all the grounds for relief available to the petitioner;

   (2) state the facts supporting each ground;

   (3) state the relief requested;

   (4) be printed, typewritten, or legibly handwritten; and

   (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

**(d) Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.