UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAUL GONSALVES )<br>   Petitioner, )<br> )<br>v. )<br> )<br>MICHAEL THOMPSON )<br>   Respondent. )<br> ) | Civil Action No. 05-10618-RCL |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner Raul Gonsalves.

  1.  Admitted.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted.

  5.  Admitted.

  6.  Admitted.

  7.  Admitted.

  8.  Admitted.

  9(a)-(b).  Admitted.

  9(c).  Admitted.  Further answering, the respondent states that the full citation is

    *Commonwealth v. Gonsalves*, 56 Mass. App. Ct. 506, 778 N.E.2d 997 (2002).

9(d). The respondent states that he lacks the attached page referred to in petitioner's ¶ 9(d). The respondent states that the grounds raised in the direct appeal were as follows: (1) an all-terrain vehicle (ATV) is not a "motor vehicle" within the meaning of G.L. c. 266, § 28; (2) the Commonwealth's evidence that he was in possession of the ATV or, in the alternative, that he knew that it had been stolen, was insufficient as a matter of law; (3) the trial judge's instructions shifted the burden of proof to the defendant; (4) the indictment should have been dismissed because of prosecutorial misconduct; and (5) trial counsel failed to provide constitutionally effective representation.

9 (e). Admitted.

9(f). Left blank by the petitioner.

10. Admitted.

11. Admitted.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no

      response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C.   (Ground three). The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.   Left blank by the petitioner.

14.   The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15.   Admitted.

16.   Admitted.

17.   The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1.   Docket sheets, *Commonwealth v. Raul P. Gonsalves*, BACR1999-48336.

2.   Defendant's Brief, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2001-P-428.

3. Commonwealth's Brief, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2001-P-428.

4. *Commonwealth v. Gonsalves*, 56 Mass. App.Ct. 506, 778 N.E.2d 997 (2002).

5. SJC Docket Sheet, *Commonwealth v. Gonsalves*, FAR-13076.

6. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Gonsalves*, FAR-13076.

7. *Commonwealth v. Gonsalves*, 438 Mass. 1105, 782 N.E. 2d 515 (2003), Denial of ALOFAR.

8. Defendant's Brief, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2003-P-981.

9. Defendant's Record Appendix, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2003-P-981.

10. Defendant's Request for Direct Appellate Review, *Commonwealth v. Raul P. Gonsalves*.

11. Commonwealth's Brief, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2003-P-981.

12. Defendant's Reply Brief, *Commonwealth v. Raul P. Gonsalves*, Massachusetts Appeals Court No. 2003-P-981.

13. *Commonwealth v. Gonsalves*, 62 Mass.App.Ct.1109, 817 N.E.2d 339 (2004).

14. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Gonsalves*, FAR-14483.

15. Defendant's Record Appendix, *Commonwealth v. Gonsalves*, FAR-14483.

16. Commonwealth's Opposition to the Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Gonsalves*, FAR-14483.

17. SJC Docket Sheet, *Commonwealth v. Gonsalves*, FAR-14483.

18. *Commonwealth v. Gonsalves*, 443 Mass. 1105, 823 N.E.2d 782 (2005), Denial of ALOFAR.

19. *Commonwealth v. Gonsalves*, 442 Mass. 1016, 812 N.E.2d 262 (2004).

### First Defense

The petition for writ of habeas corpus should be dismissed where the petitioner has not exhausted the claims in ¶ 12A and ¶ 12C.

### Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fifth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: June 22, 2005                                   BBO # 635431


**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2005, I caused a copy of the above Answer to be served by first-class mail, postage prepaid, upon Raul Gonsalves, *pro se*, MCI-Shirley, P.O. Box 1218, Shirley, Massachusetts 01464.

/s/ Eva M. Badway
Eva M. Badway