UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
RAUL GONSALVES               )
         Petitioner,          )
                              )
v.                            )    Civil Action No. 05-10618-RCL
                              )
MICHAEL THOMPSON             )
         Respondent.          )
_____)
```

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS
### AND OPPOSITION TO THE MOTION TO STAY

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Raul Gonsalves (the "petitioner"). As argued in this memorandum, the petition should be dismissed where it contains exhausted and unexhausted claims.[1] *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

### PRIOR PROCEEDINGS

On May 11, 1999, a Barnstable County grand jury indicted the petitioner, Raul P. Gonsalves, for receiving a stolen motor vehicle, in violation of M.G.L. c. 266, § 28. *See* Respondent's Supplemental Answer ("RSA") at Ex. 1. On February 15, 2000, Massachusetts Superior Court Associate Justice Gerald F. O'Neil denied the petitioner's motion to dismiss the indictment due to the Commonwealth's loss or destruction of evidence. *Id*. On December 5, 2000, after a jury trial before Judge O'Neil and a jury, the petitioner was found guilty of receiving a stolen motor vehicle. *Id*. Judge O'Neil sentenced Gonsalves to a state prison term of

---

[1] In the event this Court declines to dismiss the petition on the ground set forth in this memorandum, the respondents reserve the right, and request the opportunity, to brief the merits of the remaining claim or claims in this petition.

a minimum of four years and a maximum of five years. The petitioner timely filed an appeal and on November 21, 2002, the Massachusetts Appeals Court affirmed Gonsalves' conviction. *See* RSA, Ex. 4, *Commonwealth v. Gonsalves*, 56 Mass. App. Ct. 506, 778 N.E.2d 997 (2002).

On December 11, 2002, Gonsalves filed an application for leave to obtain further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court("SJC"). *See* RSA, Ex. 5. In his ALOFAR the petitioner raised the following claims: (1) whether an all-terrain vehicle, specifically prohibited from travel on public roads, is a motor vehicle within the meaning of the statute prohibiting receipt of a stolen motor vehicle; and (2) whether the petitioner was denied the effective assistance of counsel by his attorney's failure to object to the prosecutor's argument of facts not in evidence and by counsel's failure to argue in his closing the absence of evidence that the petitioner knew the vehicle had been stolen. *See* RSA, Ex. 6. On January 7, 2003, the SJC denied the petitioner's ALOFAR. *See* RSA, Ex. 7.

On June 9, 2003, Gonsalves filed a motion for a new trial in Barnstable Superior Court claiming illegal search and seizure, ineffective assistance of trial counsel and ineffective assistance of appellate counsel. *See* RSA, Ex. 1 and Ex. 9. On July 7, 2003, Massachusetts Associate Justice Richard F. Connon denied the petitioner's motion for a new trial. *See* RSA, Ex. 1. Gonsalves timely appealed and on November 5, 2004, in an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the denial of the motion for a new trial. *See* RSA, Ex. 13, *Commonwealth v. Gonsalves*, 62 Mass.App.Ct. 1109, 817 N.E.2d 339 (2004). The petitioner filed a second ALOFAR in the SJC asserting the following claims: (1) whether the superior court judge erred in considering a new trial motion that showed that the original trial was infected with constitutional error; (2) whether the trial

counsel and appellate counsel were ineffective for failing to raise a viable claim of illegal search and seizure. *See* RSA, Ex. 14. On March 2, 2005, the SJC denied the petitioner's second ALOFAR. *See* RSA, Ex. 18, *Commonwealth v. Gonsalves*, 443 Mass. 1105, 823 N.E.2d 782 (2005).

On March 14, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket at 2. The respondent now files this memorandum in support of his motion to dismiss.

## ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455

U.S. at 518.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*, 131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*).  "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted).   The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas case the petitioner claims the following: (1) the Commonwealth failed to preserve exculpatory evidence for defense inspection; (2) ineffective assistance of counsel; and (3) the statute as applied by the state court is vague. *See* Petition at ¶ 12.  However, the petitioner has failed to exhaust his available state remedies with respect to grounds one and three of his petition for habeas corpus. *See* RSA, Ex. 6 and 14.   As set forth above, in his first ALOFAR in the SJC the petitioner presented the following claims: (1) whether an all-terrain vehicle, specifically prohibited from travel on public roads, is a motor vehicle within the meaning of the

statute prohibiting receipt of a stolen motor vehicle; and (2) whether the petitioner was denied the effective assistance of counsel by his attorney's failure to object to the prosecutor's argument of facts not in evidence and by counsel's failure to argue in his closing the absence of evidence that the petitioner knew the vehicle had been stolen. *See* RSA, Ex. 6. In his second ALOFAR in the SJC the petitioner asserted the following: (1) whether the superior court judge erred in considering a new trial motion that showed that the original trial was infected with constitutional error; (2) whether the trial counsel and appellate counsel were ineffective for failing to raise a viable claim of illegal search and seizure. *See* RSA, Ex. 14. In claim three of the petition for habeas corpus, the petitioner specifically asserts that the statute as applied by the state court is vague. *See* Petition at ¶ 12(C). In his first ALOFAR, Gonsalves merely asserted that an all-terrain vehicle is not a motor vehicle within the meaning of M.G.L. c. 266, § 28. *See* RSA, Ex. 6. In his second ALOFAR, Gonsalves asserted ineffective assistance of appellate counsel because his appellate counsel "incorrectly argued that a 4-wheel vehicle is similar to a motorized bicycle." *See* RSA, Ex. 14 at p. 16. The petitioner explained that appellate counsel's argument was incorrect because a motorized bicycle is a vehicle designed to transport people on public ways, while an all terrain vehicle is designed for off-road use only and is prohibited by law from travel on public ways. *Id.* at 17. A review of both ALOFARs clearly demonstrates that the petitioner did not present the SJC with the claim that the statute is void for vagueness. Since the petitioner failed to fairly present to the SJC two of the three claims he now raises in his federal habeas petition, that petition should be dismissed as mixed, *i.e.,* as containing both exhausted and unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

"[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other

things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). Since Gonsalves failed to properly raise his habeas claims in grounds one and three of this petition to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors. Gonsalves "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

Where the petitioner has presented this Court with a mixed petition, containing both exhausted and unexhausted claims, it must be dismissed in its entirety, unless the petitioner elects to voluntarily delete the unexhausted claims (Grounds one and three) from his petition and proceed solely with the claim that has been properly exhausted. *See Rose v. Lundy*, 455 U.S. at 520-522; 28 U.S.C. § 2254(b)(2). If this Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of them to deny the writ. *See Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997). Furthermore, while a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims and the claims presented must not be without merit. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534 (March 30, 2005). In the instant case, Gonsalves has not demonstrated any cause for his failure to exhaust his claims in state court, and his claims are without merit, thus a stay should not granted. *Id.*

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed as unexhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: June 22, 2005                    BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2005, I caused a copy of the above Memorandum in Support of the Motion to Dismiss to be served by first-class mail, postage prepaid, upon Raul Gonsalves, *pro se*, MCI-Shirley, P.O. Box 1218, Shirley, Massachusetts 01464.

/s/ Eva M. Badway
Eva M. Badway