UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAUL GONSALVES,
    Petitioner,

v.

Civil Action No. 05-10618-RCL

MICHAEL THOMPSON,
    Respondent.

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S REPLY TO RESPONDENT'S MOTION TO DISMISS

    This memorandum is submitted in support of the petitioner's reply to the respondent's motion to dismiss. The petitioner's petition should not be dismissed even if this court determines that it contains exhausted and unexhausted claims. See <u>Cravalho v. Maine</u>, 300 F.Supp.2d 189, 195 (D.Me. 2004).

### PRIOR PROCEEDINGS

    On May 11, 1999, the petitioner was indicted by the Barnstable County Grand Jury for receiving a stolen motor vehicle, a violation of Massachusetts General Laws, Chapter 266, § 28. ("M.G.L.c. 266, § 28").

    The petitioner was convicted at trial by jury on December 5th, 2000. The petitioner received a 4 to 5 year sentence.

    The petitioner appealed to the Massachusetts Appeals Court ("Mass.App.Ct."). Docketed under <u>Commonwealth v. Gonsalves</u>, No. 01-P-428. On November 21, 2002, the Mass.App.Ct. affirmed the conviction.

    On December 11th, 2002, the petitioner filed application for Further Appellate Review ("ALOFAR") and on January 7th, 2003, the ALOFAR was denied. (FAR-13076).

    The petitioner filed a pro se Motion for new Trial in the Barnstable County Superior Court which was docketed on June 9th, 2003, and on July 7th, 2003, (Judge Connon) denied

the New Trial without any written findings of fact..

The petitioner appealed the denial of the New Trial Motion to the Mass.App.Ct. which was enterd in the Mass.App.Ct. on July 23, 2003, docketed under No.2003-P-981. On November 5th, 2004, the Mass. App. Ct. affirmed the judges denial of the New Trial Motion.

The petitioner applied for Further appellate Review in the Supreme Judicial Court ("SJC") which was docketed on November 15, 2004, No. FAR-14483. On March 2nd, 2005, the SJC denied the ALOFAR application.

On August 11, 2003, the petitioner filed a petition pursuant to M.G.L.c. 211, § 3, in the SJC, No.SJ-2003-0378. Challenging the Mass.App.Ct's. decision that an off-road vehicle is a motor vehicle under the statute charged.(M.G.L.c. 266, § 28). On February 24th, 2003, the petition was denied by, Cordy (Judge) and petitioner appealed to the full bench (SJC), March 5th, 2004, No. SJC-09217. On July 22, 2004, the appeal of the petition was denied. For the published decision see, <u>Gonsalves v. Commonwealth</u>, 442 Mass. 1016 (2004).

### ARGUMENT

In the present habeas case the petitioner raises the following claims (1) the Commonwealth failed to preserve evidence for defense inspection; (2) ineffective assistance of counsels; and (3) the statute as applied by the Mass.App.Ct. is vague and the petitioner stands convicted under the wrong statute. The respondent claims that the petitioner has failed to exhaust claims one and three of his petition. See pg. 4 of Respondent's Memo of Law in support of his motion to dismiss.

The petitioner's first claim (failure to preserve evidence) was raised in the Barnstable County Superior Court on pre-trial motions, by his trial counsel, Richard Barry.(See Exh. A). On appeal to the Mass.App.Ct. petitioner's appeals counsel, Michael Traft, raised the issue briefly. (See Exh. B;Pgs. 30-33 of Brief to Mass.App.Ct.). In the petitioner's application for leave to obtain further appellate review (ALOFAR) in the Massachusetts Supreme Judicial Court ("SJC") the petitioner's appellate

counsel abandoned the argument. An ALOFAR only allows ten pages of argument (Rule 27.1(b)(5) of the Massachusetts Rules of Appellate Procedure; "M.R.A.P.") and the Mass.App.Ct. allows fifty pages of argument (M.R.A.P. Rule 16(h)). It would be impossible to fit all arguments from the Mass.App.Ct. brief into the ALOFAR. If the ALOFAR is granted the SJC will then decide the case on the papers submitted to the Mass.App.Ct. unless a party requests to file a new brief (M.R.A.P. Rule 27.1(f)) which in the instant case would include the petitioner's first claim (failure to preserve evidence). The petitioner should not be procedurally barred simply because the SJC denied the ALOFAR and Appeals Counsel's incompetency. No person should pay with his liberty for the neglect or ignorance of his lawyer.

There are exceptions to the exhaustion requirement, such as cause and prejudice, "even absent a showing of cause and prejudice a federal court exercising its habeas powers should nonetheless overlook a procedural default and hear a barred constitutional claim on the merits if its failure to do so would result in a fundamental miscarriage of justice". Manisy v. Maloney, 283 F. Supp.2d 307, 325 (D.Mass. 2003), citing Burks v. Dubois, 55 F.3d 712, 717 (1st Cir. 1995).

In the instant case the petitioner's conviction was based on potographs that were dated before the alleged incident occured and the photo's only showed the frame rail which contained the numbers.(Exh. C). Had the vehicle been available for defense inspection, as the court orderd, (Exh. D) inspection of the evidence could have established whether or not there were other scratches on the undercarriage of the off-road vehicle similar to the ones on the numbers. To allow the Commonwealth to proceed with photo's of scratched numbers to establish an intentional alteration without allowing the evidence to be inspected for other similer scratches on the undercarriage of the vehicle resulted in a miscarriage of justice.

The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate

that there is a reasonable probability that the result of the trial would have been different absent the error; the question is not whether the petitioner would more likely have received a different verdict had the error not occured, but whether he received a fair trial, understood as a trial worthy of confidence. Derman v. U.S., 298 F.3d 34, 45 (1st Cir. 2002), citing, Strickler v. Greene, 527 U.S. 263, 289, 119 S.Ct. 1936 (1999). This court should not render the petitioner's trial worthy of confidence and should reach the merits of claim one.

    The respondent also claims that the petitioner failed to exhaust claim three (that the statute is vague as applied). However, the petitioner did raise the issue on appeal and to the SJC in his ALOFAR and in a petition pursuant to M.G.L.c. 211, § 3. Although the petitioner's argument to the SJC in his ALOFAR (post conviction FAR-14483) (Exh. E) was in the context of ineffective assistance of counsel. The petitioner did raise his claim to the SJC. See, Rittenhouse v. Battles, 263 F.3d 689, 696 (7th Cir. 2001)(petitioner sufficiently presented claim to state appellate court, even though he made his argument in the context of ineffective assistance of counsel). Even if the brief argument in the petitioner'd ALOFAR is insufficient to overcome the procedural default or exhaustion requirement, the petitioner petitioned the SJC pursuant to M.G.L.c. 211, § 3, to invoke the SJC to correct the Mass.App.Ct.'s decision that an off-road vehicle is a motor vehicle under the statute charged. (M.G.L.c. 266, § 28). In the 211, § 3, petition the petitioner argued that the statute as applied was vague and cited Supreme Court cases (Exh. F).

    In determining whether a petitioner presents his or her federal claims to the state's highest court "face up and squarely", as would satisfy exhaustion requirement for federal habeas review, courts consider issues of probability, i.e., whether it is more likely than not that a reasonable jurist would recognize the constitutional dimension of the petitioner's claims, given the manner in which those claims were presented. Barresi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002).

Under the present circumstances it is believed that the petitioner has satisfied the exhaustion requirement on claim three. However, if the claim is not sufficiently raised, this court should still reach the merit of the petitioner's claim. Procedural default on habeas claims is excused only by a showing of cause for violation of federal law, or fundamental miscarriage of justice resulting from the federal court's failure to review. Cravalho v. Maine, 300 F.Supp.2d 189, 195 (D.Me. 2004), citing Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587 (2000). If the court fails to resolve the petitioner's claim that he is convicted under the wrong statute and that the statute as applied by the Mass.App.Ct. violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the petitioner will remain convicted under the wrong statute, which is believed to be a miscarriage of justice.

The Supreme Court has held that, Federal Court will not entertain procedurally defaulted constitutional claim in petition for habeas corpus absent showing of cause and prejudice to excuse the default, unless habeas applicant can demonstrate that alleged constitutional error has resulted in conviction of one who is actually innocent of underlying offense. Dretke v. Haley, 124 S.Ct. 1847, 1852 (2004). the petitioner in the instant case is innocent of the underlying offense because he was charged with possession of a stolen "motor Vehicle" and a 4-wheel off-road vehicle is not a motor vehicle. Therefore, he is innocent of the crime charged.

The respondent also claims that the petitioner has failed state a claim upon which relief could be granted on grounds one, two and three. (See respondents **ANSWER**). However, petitioner did state a claim for relief in his memorandum of Law in support of petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner stated that "thus pursuant to 28. U.S.C. § 2254, petitioner's petition should be granted and he should be released from state custody, or this court should declare that the judgement being attacked is invalid". See page 10 of the

petitioner's memo. (Exh. G). Further, at the end of the petitioner's memorandum in support of petition, the petitioner added a "prayer for appropriate relief".(Exh. H).

Finally, the respondent reads the petitioner's papers to strictly. Where a habeas petitioner proceeds pro se, a court should read his papers liberally and interpret then to raise the strongest argument they suggest. Sango-Dema v. District Director, INS, 122 F.Supp.2d 213, 217 (D.Mass. 2000). See also, Neverson v. Bissonette, 242 F.Supp.2d 78, 84 (D.Mass. 2003)(Because his Habeas Petition ... was filed pro se, petitioner is entitled to some latitude in the interpretation of his claims).

Based on the foregoing arguments and authorities the petitioner prays the court not dismiss the petition for habeas corpus and deny the respondent's motion to dismiss. The petitioner also requests the court take into consideration that "habeas petition from state prisoner who is proceeding pro se may be viewed more leniently for exhaustion purposes than petition drafted by counsel". Fields v. Waddington, 401, F.3d 1018, 1021 (9th Cir. 2005).

Respectfully Submitted,

*[signature]* pro se

June 28, 2005

Raul Gonsalves
P.O. Box 1218
Shirley, MA 01464

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2005, I caused a copy of the Petitioner's Reply to the Respondent's Motion to Dismiss and ANSWER to be served by first-class mail, postage prepaid, upon the Superintendent; Michael Thompson's, counsel of record, Eva M. Badway, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, Massachusetts 02108.

*Raul Gonsalves*
Raul Gonsalves
P.O. Box 1218
Shirley, MA 01464