UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Civil Action No.05-10618-RCL

---

RAUL GONSALVES,
Petitioner,

V.

MICHAEL THOMPSON,
Respondent.

---

EXHIBITS FOR PETITIONER'S
REPLY TO RESPONDENT'S
MOTION TO DISMISS & ANSWER

---

Raul P. Gonsalves W68842
Pro Se
P.O. Box 1218
Shirley, MA 01464

## TABLE OF CONTENTS

Exh. A, Motion to Dismiss (Filed in the Barnstable Superior Court, by trial counsel).

Exh. B, Pages 30-33 of Brief to Mass.App.Ct. on Direct appeal, (No.01-P-428).

Exh. C, Photo of vehicle's number.

Exh. D, Motion to Inspect Evidence.

Exh. E, Pages 18 & 19 of Apllication For Leave to Obtain Further Appellate Review Post-Conviction, No.FAR-14483.

Exh. F, Petition pursuant to M.G.L.c. 211, § 3 to SJC, No.SJC-09217.

Exh. G, Page 10 of Petitioner's Memorandum in support of Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. No.05-10618_RCL.

Exh. H, Pages 40 & 41 of petitioner's Memorandum of law in support of Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, No.05-10618-RCL.

# Exhibit A

*T. 1 number and The engine number on The vehicle at issue * The A*
*F.N. 1. These photos were not given To*
*either counsel for aprov*

*Las not been deprived of any exculpatory evidence and This*
*COMMONWEALTH OF MASSACHUSETTS* *motion is* Denied

*One year* *↗ 70*

BARNSTABLE, SS/. *2/15/0·*

SUPERIOR COURT  *O'Neill.*
INDICTMENT #48336
*2/15/06*

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS ) | |
| ) | |
| ) | |
| V. ) | MOTION TO DISMISS |
| ) | |
| ) | |
| RAUL GONSALVES ) | |
| ) | |

The defendant respectfully moves, Pursuant to Mass.R.Crim. 13, article 12 of the Massachusetts Declaration of Rights and the Due Process Clause to the United States Constitution, that the above titled matter be dismissed due to the Commonwealth's loss or destruction of evidence, thus denying the defendant his right to a fair trial. See also, Commonwealth v. Willie, 400 Mass 427 (1987); Commonwealth v. Olsewski, 401 Mass 749 (1988); and Commonwealth v. Troy, 405 Mass 253 (1989).

In the alternative the defendant moves "that all testimony and evidence relating to the lost or destroyed evidence be excluded from trial." Olszewski, supra, at 753.

By his attorney

Richard Gavin Barry
4728 Falmouth Rd.
Cotuit, MA 02635
BBO# 5554298

*100- act. Parris A. L. Welsh notified*

present exculpatory evidence which is available to the prosecution'. <u>Olszewski</u>, supra, at 753-754.

In <u>Commonwealth v. Neal</u>, 391 Mass. 1 (1984), the court "indicated that, where evidence is lost or destroyed, a defendant would be entitled to relief if he establishes a reasonable probability, based on concrete evidence rather than fertile imagination, that access to the evidence would have produced evidence favorable to his cause." Id. at 754

The test is thus: when potentially exculpatory evidence is lost or destroyed, a balancing test is employed to determine the appropriateness and extent of remedial action.  The trial judge must weigh the culpability of the Commonwealth and its agents, the materiality of the evidence, and the potential prejudice to the defendant. <u>Olszewski</u>, id., at 755, 757, citing <u>Commonwealth v. Willie</u>, 400 Mass 427 (1987).

It was noted, <u>Olsweski</u>, id., at 757 n. 7 that "'Culpability' and 'bad faith' are not interchancable terms. Negligence or inadvertence are less culpable than bad faith, but they are nevertheless culpable and must be accounted for in the balancing procedure."

In the case at bar, Falmouth Police seized an all terrain vehicle that they believed to be stolen.  They were unable to clearly identify the V.I.N. number on said vehicle and could only guess as to what the last two numbers were. The Commonwealth is in possession of a Certificate of Origin for the motor vehicle which also lists the engine number of 3GG-154098.  Police reports do not indicate that the Commonwealth or its agents ever checked the engine number of the vehicle to determine if this was in fact a stolen motor vehicle.  Counsel filed a motion to inspect the evidence and when an investigator went to the Falmouth Police to check the engine number, he was informed that said vehicle had been released to a repossession company.  The inability of the defendant to conduct this investigation has greatly prejudiced the defendant from being able to obtain exculpatory evidence and this indictment should be dismissed.

Respectfully submitted
Raul Gonsalves
By his attorney

Richard Barry
4728 Falmouth Rd
Cotuit, MA 02635
BBO# 554298                    DATE:      December 17, 1999

# Exhibit B

critical aspect of the charge, the conviction must
be reversed.

B.   The Trial Judge Should Have Dismissed
The  Case  Or  Imposed  An  Alternative
Sanction  On  The  Admissibility  Of  The
Vehicle  Identification  Evidence  Because
Of The Commonwealth's Failure To Preserve
The Vehicle For Defense Inspection

In pre-trial discovery, the defendant obtained
an order permitting him to inspect the vehicle
which is the subject of these charges. (R.A. 7-8).
When his investigator went to the police station to
carry out this task, however, he discovered that
the vehicle had already been turned over to a
salvage company. (Tr.I 180-182).

While the police tried to suggest otherwise,
it is apparent that the disposal of the evidence in
this manner was inconsistent with usual police
practice. (Tr.I 149-152, 166, 179, 185-186). The
police  did   not  obtain  approval  from  the
prosecutor's  office  before  discharge  of  the
evidence and there was some question whether the
vehicle had ever been properly logged in and out.
(Tr.I 129, 180-181).

30

extent to which the number had been altered and the likelihood that a rider of the vehicle would have known about the alteration. The photographs did not reveal where the VIN was located on the vehicle, its size in relation to the rest of the vehicle, and whether it was otherwise obscured.

Inspection of the vehicle could have shed light on those areas and on the related issue whether the scratches on the final two numbers appeared to be intentionally and maliciously inflicted. Only a view of the entire vehicle could reveal whether the scratches may have been the result of some earlier mishap.

The police are clearly responsible for the limitations imposed on the defendant's ability to present a defense. There is no discernible reason why they could not have retained the evidence at least until defense counsel was provided an opportunity to view it and take any desired photographs. This is not a case involving an inadvertent destruction or loss where the available photographs would be an acceptable substitute, Cf.,

32

# Exhibit C



# Exhibit D

*August 18, 1999 motion allowed,
By the Court, Connon. J.
Nancy N. Weir,
Asst. Clerk*

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, S.S.

BARNSTABLE SUPERIOR COURT
INDICTMENT # 48336

SUPERIOR COURT
BARNSTABLE, SS.

FILED AUG 1 8 1999

COMMONWEALTH

V.

RAUL GONSALVES

MOTION TO INSPECT
EVIDENCE

Now comes the defendant in the above captioned matter and moves that this honorable court order that cousel be allowed to inspect and photograph the motor vehicle, V.I.N. # Jy43GGW04XA154738, which is the subject of this litigation.

Respectfully submitted
Raul Gonsalves
By his attorney

Richard Gavin Barry
4728 Falmouth Rd
Cotuit, MA 02635
BBO# 554298

DATE:        August 12, 1999

000007

# Exhibit E

Due Process requires that all "be informed as to what the state commands or forbids", and that "men of common intelligence" not be forced to guess at the meaning of the law. Smith v. Goguen, 415 U.S. 566,574 (1974). A person of common intelligence would assume that an off-road vehicle is not a "motor vehicle" because it cannot be registerd or operated as a motor vehicle. If a person operates an off-road vehicle on a public way they'll be arrested because it is not a "motor vehicle". However, if it is stolen, then it is a motor vehicle and one could receive up to fifteen years imprisonment. The police and prosecutor now have it both ways.

## CONCLUSION

The Appeals Court decision is contrary to clearly established law, as established by the United States Supreme Court and the Supreme Judicial Court of Massachusetts. The search of the private premises without a warrant or consent, or any circumstances that fall within the narrowly drawn exceptions of exigencie, clearly violated the Federal and State Constitution, and counsels failure to litigate the matter constituted ineffective assistance of counsels.

Further, the defendant/appellee clearly stands convicted under the wrong statute, in violation of the Fourteenth Amendment of the United States Constitution. An off-road vehicle is clearly outside the scope of the statute. The term "motor vehicle" has never been known

18

# Exhibit F

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS

SUPREME JUDICIAL COURT
No. SJC-09217

———————————

GONSALVES, Raul P.

Petitioner

v.

COMMONWEALTH

Respondent

———————————

ON APPEAL FROM AN ORDER
OF A SINGLE JUSTICE OF THE
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
DENYING PETITIONER'S G.L.c. 211, § 3
PETITION

———————————

MEMORANDUM

———————————

RAUL P. GONSALVES, PRO SE

W68842
P.O. BOX 1218
SHIRLEY, MA 01464

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . .i

Table of Authorities. . . . . . . . . . . . . . . .ii

Statutes and Court Rules. . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . 1

Statement of Prior Proceedings. . . . . . . . . . . 1

Reasons Why the Defendant Cannot Proceed
Through normal Appellate Procedures. . . . . . . . .2

Conclusion. . . . . . . . . . . . . . . . . . . . .11

Kolender v. Lawson,
461 U.S. 352, 358, 103 S.Ct. 1855 (1983). . . . . . . 3

Pielech v. Massasoit Greyhound, Inc.,
423 Mass. 534, 539 (1996). . . . . . . . . . . . . . .8

Smith v. Goguen, 415 U.S. 566, 576,
94 S.Ct. 1242, 1249 (U.S. Mass. 1974). . . . . . . 3, 4

U.S. v. Hussein,
230 F.3d 109, 114 (D.Me. 2002). . . . . . . . . . . . 3

Walters v. Metropolitan Ed. Enterprises, Inc.,
117 S.Ct. 660 (1997). . . . . . . . . . . . . . . . . 4

## Statutes and Court Rules

M.G.L.A. Const.Pt.1,Art. 30, . . . . . . . . . 8, 9, 11

Mass.G.L.c. 90, § 1, . . . . . . . . . . . . 3, 5-8, 10

Mass.G.L.c. 90B, § 26, . . . . . . . . . . . . . . . .4

Mass.G.L.c. 211, § 3, . . . . . . . . . . . . . . . . 1

Mass.G.L.c. 266, § 28, . . . . . . . . . .1, 3-5, 7, 9-10

Mass.G.L.c. 266, § 60, . . . . . . . . . . . . . .4, 12

U.S.C.A.Const.Amend.14. . . . . . . . . . . . . . . .11

U.S.C.A. United States Code Annotated
49 § 30102 (a)(6). . . . . . . . . . . . . . . .6, 7, 8

2004, the Petition was denied. (Cordy, J.).

## REASONS WHY THE DEFENDANT CANNOT
## PROCEED THROUGH NORMAL APPELLATE PROCEDURES

This matter involves a question of a state
statute that has already been resolved through the
normal appellate procedures. However, it is believed
that the Mass.App.Ct's decision on this matter is
inconsistent with the Legislature's intent and the
Massachusetts General Laws.

Although the defendant blames the Mass.App.Ct.'s
decision on his appeals counsel's incorrect argument
that a 4-wheeler is like a motorized bicycle. When an
appellate court has already reviewed the defendant's
conviction, a claim based on the same issues "but
newly attired in the grab of ineffective assistance of
counsel is [duplicative]". Com. v. Silva, 25 Mass.App.
Ct. 220, 228, 517 N.E.2d 182 (1987). Therefore, it is
believed that the appeals court would not even
consider this matter since they have already reviewed
this issue in the defendant's direct appeal.(Com. v.
Gonsalves, 56 Mass.App.Ct. 506 (2002) ).

It is also believed that since this matter
involves a question of a Massachusetts Statute and a
question of law, this matter should be addressed by
the States highest court, the Supreme Judicial Court.

If this matter stands as is the police and
prosecutor will then be able to proceed with selective

922, quoting Smith v. Goguen, 415 U.S. 566,573n.8, 97 S.Ct. 1242,1247n.8 (1974). A person of common intelligence would assume that a 4-wheel off-road vehicle is not a "motor vehicle" because it cannot be operated or registerd in Massachusetts as a "motor vehicle". A drivers license is not required to operate an off-road vehicle.(M.G.L.A. 90B § 26, A motor vehicle operator's license or learner's permit shall not be required for the operation of a snow vehicle or a recreation Vehicle.) However, under the appeals court interpretation of the statute, c. 266, § 28, if a person is in possession of a stolen recreation vehicle they will lose their motor vehicle operator's license for a one year period, as required by statute. If a 4-wheeler, or recreation vehicle is not considerd a "motor vehicle" in any other context, then it should not be considerd a "motor vehcile" for theft or receiving purposes either. Absent indication to the contrary, words in statute are assumed to bear their ordinary, contemporary, common meaning. Walters v. Metropolitan Ed. Enterprises, Inc., 117 S.Ct. 660 664 (1997).

The manufacturer was compelled to notify owners and operators of this 4-wheel off-road vehicle, that said vehicle was not manufactured for use on public streets, roads, or highways, and that such use is prohibited by law.(R.A. 23).

-4-

The criminal statute for receiving a stolen motor vehicle, c. 266, § 28, refers to c. 90, § 1, as defining "motor vehicle or trailer",(See c. 266, § 28, Cross Referances; R.A. 26) and case law establishes that, Statutes wich relate to a common subject matter should be construed  together so as to constitute an harmonious whole. Commonwealth v. Smith, 431 Mass. 417, 424 (2002).

It is believed that the legislature's intent in enhancing the criminal penalty for theft of, or possession of stolen "motor vehicles" was to further punish people for depriving someone of their means of transportation and not for recreation vehicles that are not a means of transportation but instead are only for recreational purposes. Further, it is believed that the appeals court decision on this issue is erronious and contrary to legislatures intent, the Mass.G.L.A., art.30 of the Mass. Declaration of Rights, and the Due Process Clause of the Fourteenth Amendment. That the Mass.App.Ct. took it upon themselves to interpret the term "motor vehicle" as encompassing off-road vehicles, when the term "motor vehicle" has never been known to encompass such vehicles. It is believed that the appeals court decision and interpretation amounted to judicial legislation wich is forbidden by art.30 of the Massachusetts Declaration of Rights.

-6-

Declaration of Rights. <u>Pielech v. Massasoit Greyhound,</u>
<u>Inc.</u>, 423 Mass. 534, 539, 668 N.E.2d 1298 (1996). It
is believed that the Mass.App.Ct. had no right to read
into the "Motor Vehicle" theft statute G.L.c. 266, § 28
, "a provision wich the Legislature did not see fit to
put there. . ." <u>King v. Viscoloid Co.</u>, 219 Mass. 420,
425, 106 N.E.2d 988 (1914). To do so amounted to
judicial legislation, wich is forbidden by art. 30 of
the Massachusetts Declaration of Rights. See Justice
Qua's comments in <u>Commonwealth v. Isenstadt</u>, 318 Mass.
543, 548, 62 N.E.2d 840 (1945), this court is under a
duty 'to avoid judicial legislation in the guise of
new constructions to meet real or supposed new popular
viewpoints, preserving always to the Legislature alone
its proper prerogative of adjusting the statutes to
changed conditions'." <u>Commonwealth v. A Juvenille</u>, 368
Mass. 580, 595, 334 N.E.2d 617 (1975). "Statutory
language is the principle source of insight into
[l]egislative purpose. <u>Hoffman v. Howmedica, Inc.</u>, 373
Mass. 32, 37, 364 N.E.2d 617 (1977)." <u>Commonwealth v.</u>
<u>Lightfoot</u>, 391 Mass. 718, 720, 463 N.E.2d 545 (1984).
<u>Commonwealth v. Smith</u>, 431 Mass. 417, 421 (2000).

When interpreting undefined terms in a statute,
it is certainly permissible to draw on the meaning
that has settled on the same language in other
legislation. See <u>Commonwealth v. Gustafsson</u>, 370 Mass.
181, 187, 346 N.E.2d 706 (1976). However, such an

This matter not only effects the defendant, but also future prosecutions. Where someone that is in possession of stolen recreation vehicles, such as, mini-bikes, go-carts, and off-road vehicles can be charged under the "motor vehicle" theft statute and lose their license to operate a "motor vehicle" and face up to fifteen years imprisonment. It is believed that the proper statute for possession of stolen recreational vehicles is, c. 266, § 60, for receiving stolen goods.

It is believed that the legislature's intent in enhancing the criminal penalty for theft or possession of stolen "motor vehicles" in, c. 266, § 28, was to further punish people for depriving someone of their means of transportation and not for stolen recreational vehicles that are not a form of transportation but instead are for recreational purposes only.

If this matter stands as is the police and prosecutor will have it both ways. If you operate a 4-wheel off-road vehicle on the road, you will be arrested because it is not a motor vehicle, but if it is stolen then it is a motor vehicle and could get up to fifteen years in prison. If a 4-wheel off-road vehicle cannot be registerd in Massachusetts or operated as a "motor vehicle" then it should not be considerd a "motor vehicle" for theft or receiving purposes either.

## ADDENDUM

Mass. G. L. A. 90, § 1,

"Motor vehicle", all vehicles constructed and ...
designed for propulsion by power other than muscular
power including such vehicles when pulled or towed by
another motor vehicle, except railroad and railway
cars, vehicles operated by the system known as trolley
motor or trackless trolley under chapter one hundred
and sixty-three or section ten of chapter five hundred
and forty-four of the acts of nineteen hundred and
forty-seven, vehicles running only upon rails or tracks,
vehicles used for other purposes than the transportation
of property and incapable of being driven at a speed
exceeding twelve miles per hour and wich are used
exclusively for the building, repair and maintenance of
highways or Designed especially for use elsewhere than
on the travelled part of ways, wheelchairs owned and
operated or guided by a person on foot; provided
however, that the exception for trackless trolleys
provided herein shall not apply to sections seventeen,
twenty-one, twenty-four, twenty-four I, twenty-five and
twenty-six. The definition of "Motor vehicles" shall
not include motorized bicycles. In doubtful cases, the
register may determine whether or not any particular
vehicle is a motor vehicle as herein defined. If he
determines that it should be so classified, he may
require that it be registerd under this chapter, but
such dtermination shall not be admissable as evidence
in any action at law arising out of the use or
operation of such vehicle previous to such determination.

A-1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. SJ-2003-0378

Barnstable Superior Court
No. BACR1999-48336

### RAUL P. GONSALVES

#### vs.

### COMMMONWEALTH

#### JUDGMENT

This matter came before the Court, Cordy, J., presiding, on a petition pursuant to G.L. c. 211, s. 3, and upon consideration thereof, it is ORDERED that the petition be, and the same hereby is, denied without hearing.

By the Court, (Cordy, J.)

Maura S. Doyle, Clerk

Entered: February 24, 2004

```
12/29/04              COMMONWEALTH OF MASSACHUSETTS                    Page 1
                        SUPREME JUDICIAL COURT
                        FOR THE COMMONWEALTH

                            SJC-09217

                   RAUL P. GONSALVES vs. COMMONWEALTH
```

```
+-------------------------------------------------------------------------+
|    ENTRY DATE 03/05/04      CASE STATUS Decided (Rescrpt Opinion)        |
|    STATUS DATE 07/22/04          NATURE Superintendence, c211, s3        |
|   ROUTE TO SJC DESJA         ROUTE DATE 03/02/04                         |
|   AC/SJ DKT NO SJ-2003-0378   DAR/FAR NO                                 |
|      APPELLANT D            FAR APPLICANT                    CV/CR CR     |
|   BRIEF STATUS                BRIEF DUE                      CLERK DL     |
|    ARGUED DATE                   QUORUM                                  |
|  DECISION DATE 07/22/04        CITATION 442  Mass. 1016  RSCRPT 08/19/04 |
|     LEAD CASE                 RELATION                                   |
|   TRIAL JUDGE Cordy R.J.      TRIAL CT SJC for Suffolk County            |
|  TC ENTRY DATE 08/11/03    TC DOCKET NO SJ-2003-0378     PUBLIC y        |
+-------------------------------------------------------------------------+
```

```
Commonwealth                        Julia K. Holler, A.D.A.
Plaintiff/Appellee                  Office of the District Attorney/Barnst
Awaiting red brief                  Cape & Islands District
next br. due 05/14/04               3231 Main St., P.O. Box 455
Active 08/18/03                     Barnstable MA 02630
                                    Phone: 508-362-8113
                                    Fax: 508-362-8221
                                    550378 Active 08/18/03 Notify

Raul Gonsalves
Pro Se Defendant/Appellant
MCI Shirley
P.O. Box 1218
Shirley MA 01464
Mem. & Appx. under Rule 2:21
9 Main Br.
Active 08/18/03 Notify

S.J.C. for Suffolk County
(Lower Court: criminal)
Office of the Clerk
1 Beacon Street, 4th Floor
Boston MA 02108
Phone: 617-557-1100
Active 08/18/03 Notify
```

```
                    * * *  D O C K E T  * * *
--------------------------------------------------------------------------
PAPER DATE     ENTRY
------ --------  ---------------------------------------------------------

 1.0 03/05/04 Entered. Notice to counsel.

 2.0 03/05/04 MOTION to Waive Filing Fee, filed for Raul Gonsalves by Raul P.
              Gonsalves, Pro se. *Fee waived only.
```

12/29/04                    COMMONWEALTH OF MASSACHUSETTS                    Page 2
                               SUPREME JUDICIAL COURT
                               FOR THE COMMONWEALTH

                                     SJC-09217

                        RAUL P. GONSALVES vs. COMMONWEALTH

                          * * *   D O C K E T   * * *
-------------------------------------------------------------------------------
PAPER DATE       ENTRY
------ --------  ---------------------------------------------------------------
  3.0 03/22/04 SERVICE of Mem. & Appx. under Rule 2:21 for Defendant/Appellant
               Raul Gonsalves by Raul Gonsalves, Pro se.

  4.0 07/22/04 RESCRIPT (Rescript Opinion): Judgment affirmed.  (By the Court)
               Reasons as on file. Notice sent.

      08/20/04 RESCRIPT ISSUED to trial court.

# Exhibit G

The Petitioner renewed his required finding motion at the conclusion of all the testimony and the judge denied it.(Tr.I 216).

### IV ARGUMENT

Under the Due Process Clause of the Fourteenth Amendment of the United States Constitution a person is entitled to access to exculpatory evidence. The Commonwealth's failure to preserve evidence for defense inspection constituted a Due Process violation. Second, under the Sixth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, Petitioner was entitled to the Effective Assistance of Counsel, both at trial and on appeal. Both Counsels failed to raise a viable claim of illegal search and seizure. Appeals Counsel also incorrectly argued the statute issue in the petitioners direct appeal. Third, the State Court interpretation of the statute makes the statute vague and overbroad as applied, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Thus, pursuant to 28 U.S.C. § 2254, Petitioner's petition for a Writ of Habeas Corpus should be granted, and he should be released from state custody, or this Court should declare that the judgement being attacked is invalid.

# Exhibit H

conviction may not alone be sufficient reason for
concluding that a prisoner is entitled to the remedy
of habeas. See, e.g., Stone v. Powell, 428 U.S. 465,
96 S.Ct. 3037 (1976); Brecht v. Abrahamson, 507 U.S.
619, 113 S.Ct. 1710 (1993). On the other hand, errors
that undermine confidence in the fundamental fairness
of the state adjudication certainly justify the
issuance of the Federal Writ. See, e.g., Teague v. Lane
, 489 U.S. 288, 311-314, 109 S.Ct. 1060 (1989) (quoting
Mackey v. United States, 401 U.S. 667, 692-694, 91
S.Ct. 1160 (1971). The deprivation of the right to the
effective assistance of counsel recognized in
Strickland is such error. Strickland, 466 U.S. at 686,
697-698, 104 S.Ct. 2052. Cited at Williams v. Taylor,
529 U.S. 362, 374-375, 120 S.Ct. 1495, 1503-1504 (2000)

Based on the foregoing authorities, the record in
this case and the petition itself, Petitioner, Raul P.
Gonsalves, respectfully urges this Honorable Court to
grant him a writ of habeas corpus.

### ADDED PRAYER FOR
### "APPROPRIATE RELIEF"

The Petitioner, Raul P. Gonsalves, prays that this
honorable court grant appropriate relief. That this
matter be resolved even after the Petitioner is no
longer in State Custody.

The Petitioner faces collateral consequences due
to the conviction that is now being challenged. He will
be deported due to the conviction and taken away from