UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Raul GONSALVES,
    Petitioner,

V.

Michael THOMPSON,
    Respondent.

Civ. No.05-10618-RCL

MOTION FOR EXPEDITED APPOINTMENT OF COUNSEL

    The Petitioner, Raul Gonsalves, moves this Honorable Court to Appoint counsel in the above referance case.

    Pursuant to 18 U.S.C. § 3006A(a)(2)(B), when a court "determines that the interests of justice so require, representation may be provided for any financially eligible person" who is seeking relief under 28 U.S.C. § 2254. The decision to appoint counsel is discretionary, as "an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding such as this for habeas corpus". Manisy v. Maloney, 283 F. Supp.2d 307, 317 (D.Mass. 2003).

    In determining whether "there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the comlexity of the legal issues, and the litigant's ability to represent himself". Manisy, at 317.

1

Applying these standards to the instant case, this court should appoint counsel to represent the petitioner. The petitioner has approximately 69 days to complete his sentence, at the completion of his sentence he will be deported. On average, district courts take 268 days to dismiss habeas petitions on procedural grounds, and that 10% of such petitions remain pending for longer than two years. See Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). Based on these statistics it is fair to assume that the petitioner will not be in this country by the time this court decides the present case and the petitioner who has been in the U.S. since the age of three has no idea as to where he will live in Portugal, or whether or not he will even have access to U.S. laws. Based on the exceptional circumstances presented and the belief that the petitioner raises some meritorious claims in his habeas petition, specifically his claim of ineffective assistance of counsels for failing to raise a viable Fourth Amendment Claim, as established by the Supreme Court in, Kimmelman v. Morrison, 477 U.S. 365, 383, 106 S.Ct. 2574, 2587 (1986),"Where a state obtains a criminal conviction in a trial in which the accused is deprived of the effective assistance of counsel, the State unconstitutionally deprives the defendant of his liberty." Although the petitioner will no longer be in custody of the state by the time the court decides the matter, the petitioner still maintains a liberty interest in the outcome because he will be deported due to

the conviction now being attacked.

The Supreme Court has long recognized that because deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom ... meticulous care must be exercised lest the procedure by which an alien is deprived of that liberty not meet the essential standards of fairness. Bridges v. Wixon, 326 U.S. 135, 154, 65 S.Ct. 1443 (1945); Biwot v. Gonzales, 403 F.3d 1094, 1098 (9th Cir. 2005); Arloo v. Ashcroft, 238 F.Supp.2d 381, 389-390 (D.Mass. 2003). Although the cited cases deal with the right to due process in an immigration matter. It is believed that they also establish that deportation is a liberty interest.

It is believed that the petitioner establishes that exceptional circumstances are present such that denial of counsel will likely result in fundamental unfairness impinging on his due process rights. Because if the petitioner is not appointed counsel, he will not be able to pursue his claims due to the deportation and his inabilty to access U.S. laws and procedures from Portugal and also to respond within the time limitations.

Based on the foregoing arguments and authorities the petitioner prays that this honorable court appoint him counsel.

Respectfully Submitted,

Dated: *August 4th, 2005*

*Raul Gonsalves*
Raul Gonsalves, pro se

3

CERTIFICATE OF SERVICE

I hereby certify that on August 4th, 2005, I caused to be served by first-class mail, postage prepaid, a copy of MOTION FOR EXPEDITED APPOINTMENT OF COUNSEL upon the Respondent's attorney of record, Eva M. Badway, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, Massachusetts 02108, by placing such in the institutional mail box.

*Raul Gonsalves*

Raul Gonsalves W68842
P.O. Box 1218
Shirley, MA 01464