UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
RAUL GONSALVES,                             )
        Petitioner                              )
                                                            )
v.                                                         )     Civil Action No. 05-10618-RCL
                                                            )
MICHAEL THOMPSON,                         )
        Respondent.                          )
_____)


**MEMORANDUM AND ORDER ON**
**RESPONDENT'S MOTION TO DISMISS AND**
**PETITIONER'S MOTION FOR RECONSIDERATION**


LINDSAY, DISTRICT JUDGE

## I.  Introduction

Before the court is a motion to dismiss a petition for a writ of habeas corpus.  Raul Gonsalves ("Petitioner"), currently is incarcerated at the Massachusetts Correctional Institution - Shirley ("MCI - Shirley").  Acting pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three issues: (1) the Commonwealth's failure to preserve exculpatory evidence for defense inspection; (2) ineffective assistance of counsel; and (3) unconstitutional vagueness of Massachusetts General Laws ch. 266, § 28 as applied by the Massachusetts state courts.  (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Habeas Pet.") 5-6) Respondent Michael Thompson ("Respondent"), the Superintendent of MCI - Shirley, has filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that claims one and three have not been exhausted.  He does not challenge claim two on exhaustion grounds.  Petitioner, for his part, has filed a Motion for Reconsideration of the Procedural Order

to Name Only Michael Thompson as Respondent.  For the following reasons, I GRANT Respondent's motion to dismiss, subject to the conditions described below; and I DENY Petitioner's motion for reconsideration.

## II.  Facts and Procedural History

On May 11, 1999, Petitioner was indicted for receiving a stolen motor vehicle in violation of Mass. Gen. Laws ch. 266, § 28.[1]  (Case Summary, Criminal Docket, *Commonwealth v. Gonsalves*, No. BACR1999-48336 (Mass. Sup. Ct. 1999))  The vehicle in question was a four-wheel, all-terrain vehicle ("ATV") used for off-road recreation.  The trial judge granted Petitioner's pretrial motion to inspect the ATV, but the police mistakenly released it to a salvage company before Petitioner's investigator had an opportunity to examine it.  Petitioner's motion to dismiss the indictment due to the Commonwealth's loss or destruction of evidence was denied because photographs of the ATV were available.  Petitioner was convicted by a Superior Court jury of one count of receiving a stolen motor vehicle and was sentenced to a minimum of four years and a maximum of five years incarceration.  Upon completion of his sentence, the Petitioner expects to be deported to Portugal.  (Petr.'s Mem. Supp. Habeas Pet. 41)

After his conviction, Petitioner timely filed an appeal, arguing, *inter alia*, that the ATV in question was not a "motor vehicle" as defined in Mass. Gen. Laws ch. 266, § 28.  He argued that he should have been prosecuted under Mass. Gen. Laws ch. 266, § 60, which proscribes the receipt of stolen *property*, and contains a maximum penalty of five years, as opposed to the fifteen year maximum under section 28.  The Massachusetts Appeals Court ("Appeals Court") affirmed

---

[1] Unless otherwise indicated, the facts are drawn from the decision of the Massachusetts Appeals Court in *Commonwealth v. Gonsalves*, 56 Mass. App. Ct. 506 (2002).

his conviction, holding that an ATV "fairly may be deemed a motor vehicle for the purposes of G.L. c. 266, § 28." *Commonwealth v. Gonsalves*, 56 Mass. App. Ct. 506, 508 (2002).

Petitioner then filed his first application for leave to obtain further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"), (Application of Def.-Appellant for Leave to Obtain Further Appellate Review, Dec. 11, 2002). The SJC denied the petition. *Commonwealth v. Gonsalves*, 438 Mass. 1105 (2003). Until this point, Petitioner had been represented by counsel. After the denial of his first ALOFAR, he proceeded pro se.

Next, Petitioner filed a motion for a new trial in the Barnstable Superior Court on June 9, 2003. The motion was denied; Petitioner timely appealed; and the Appeals Court affirmed denial of the motion for a new trial. (Case Summary, Criminal Docket, *Commonwealth v. Gonsalves*, No. BACR1999-48336 (Mass. Sup. Ct. 1999))

On August 11, 2003, Petitioner filed a petition for relief in the SJC pursuant to Mass. Gen. Laws ch. 211, § 3, challenging the Appeals Court's decision that an off-road vehicle is a "motor vehicle" under Mass. Gen. Laws. ch. 266, § 28. (Pet. Pursuant to Mass. Gen. Laws ch. 211, § 3 ("Ch. 211, § 3 Pet.")) The petition was denied by a single justice, and Petitioner's appeal was subsequently denied by the full bench of the SJC. *Commonwealth v. Gonsalves*, 442 Mass. 1016 (2004).

Petitioner filed a second ALOFAR on November 15, 2004. (Application of Def.-Appellant for Leave to Obtain Further Appellate Review, Nov. 15, 2004) The SJC denied his petition, *Commonwealth v. Gonsalves*, 443 Mass. 1105 (2005), and Petitioner subsequently filed the current petition for a writ of habeas corpus on March 14, 2005.

## III.  Discussion

A.   **Respondent's Motion to Dismiss**

Respondent argues that Petitioner has not exhausted state remedies with respect to the first and third claims of his petition for a writ of habeas corpus.  Petitioner contends that he has exhausted both claims, and that even if the claims are unexhausted, this court should reach the merits of his petition.

It is clearly settled that a petitioner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first exhaust available remedies in state court.  *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State . . . .").

1.   **Standard for Meeting Exhaustion Requirement - Fair Presentment**

In order to satisfy the exhaustion requirement of section 2254(b)(1), the petitioner "must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988).   A claim has been "fairly presented" if it has been "presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert denied,* 513 U.S. 1129 (1995).  There are several ways to satisfy the requirement of "fair presentment," including:  citing a specific provision of the Constitution, presenting the substance of a constitutional claim in a way that likely will alert the court to the presence of a federal claim, relying on federal precedent, claiming a particular right guaranteed by the

Constitution, and asserting a state law claim that is functionally identical to a federal claim. *Scarpa*, 38 F.3d at 6.

The typical path to habeas corpus in Massachusetts begins with an appeal to the Appeals Court by the person who ultimately becomes the habeas petitioner. If the Appeals Court resolves the appeal against the petitioner, the party may seek review in the SJC by means of an ALOFAR. *See Mele*, 850 F.2d at 820 (citing Mass. R. App. P. 27.1(b)). If a petitioner follows this path, and the ALOFAR is denied, the ALOFAR is "the decisive pleading" for purposes of determining whether the petitioner has satisfied the exhaustion requirement.[2] *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997). The petitioner, however, may not raise an issue before the Appeals Court, abandon it in his ALOFAR, and then raise it again in his habeas petition; rather, in order to survive the exhaustion requirement, an issue must be raised "within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823. However, if a petitioner has "consistently asserted" a particular claim, but it is unclear whether he is making a state or federal claim in his ALOFAR, the court may read his ALOFAR against the backdrop of his earlier appeals in order to determine whether he has "sufficiently alerted the state courts to the substance of the constitutional claim." *Scarpa*, 38 F.3d at 7 (holding that a petitioner who consistently asserted an ineffective assistance

---

[2] In most cases, the SJC denies the ALOFAR; in some cases, however, the SJC may grant the ALOFAR and subsequently deny relief. In such cases, the ultimate decision of the SJC is the decisive pleading, and the exhaustion requirement has been met if the ALOFAR "presents" to the SJC for decision the issue that ultimately becomes the subject of the habeas petition. For purposes of the exhaustion requirement, it does not matter whether the SJC actually rules on the issue, so long as the issue was presented in the ALOFAR. *See* RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 23.3a (4th ed. 2001) (pointing out that "[a]ssessment of the petitioner's satisfaction of [the exhaustion] requirement focuses on whether she actually afforded the state courts the opportunity to rule on the claim and not on whether the state courts actually availed themselves of that opportunity.") (noting a variety of circumstances in which presentment can occur and the exhaustion requirement can be met).

of counsel claim had satisfied the exhaustion requirement even though his ALOFAR did not specifically refer to the federal Constitution or federal cases). *See also Barresi v. Maloney*, 296 F.3d 48, 52 n.1 (1st Cir. 2002); *Clements v. Maloney*, 359 F. Supp. 2d 2, 8-9 (D. Mass. 2005) ("[A]mbiguous phrasing in the statement of an issue in the ALOFAR may lead to uncertainty about whether the argument is intended to be advanced under state or federal law. Consulting the manner in which the same issue was framed in prior pleadings may resolve the ambiguity.").

The ALOFAR, however, is not the exclusive method for presenting a federal claim to the SJC. Massachusetts General Laws ch. 211, § 3, provides a separate opportunity for presenting an issue to the Commonwealth's highest court, stating, *inter alia*, "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . ." Mass. Gen. Laws ch. 211, § 3. Although the typical habeas petitioner utilizes the ALOFAR to present his claims to the SJC, the ALOFAR is not a *necessary* step in the process of exhausting state remedies. A petitioner need not pursue every possible avenue of state review or file repetitive petitions, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); rather, he is only "at risk to present the state courts with a fair opportunity to confront and correct an alleged infirmity," *Mele*, 850 F.2d at 820. A petition pursuant to Mass. Gen. Laws ch. 211, § 3 provides just such an opportunity. *See Gonzalez v. Justices of the Mun. Court of Boston*, No. Civ.A. 0310859GAO, 2003 WL 22937727, at *3 (D. Mass. Nov. 25, 2003) (holding that the petitioner's arguments in his Opposition to the Commonwealth's Petition for Relief Pursuant to Mass. Gen. Laws ch. 221, §3 were sufficient to satisfy the exhaustion requirement), *aff'd*, 382 F.3d 1 (1st Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1640 (2005).

### a.     Claim One - Exculpatory Evidence

Petitioner argues in his habeas petition that his right to due process was violated when the police disposed of potentially exculpatory evidence – the ATV – before his investigator had an opportunity to examine it.  (Habeas Pet. 5)  Respondent, for his part, argues that the issue has not been exhausted, because it was not presented in either of Petitioner's two ALOFARs.  (Respt.'s Mem. Supp. of Mot. to Dismiss 4-5)  Petitioner explains that he presented the issue in his appeal to the Appeals Court, but the argument was abandoned by appellate counsel in his first ALOFAR due to the page limit for argument in an ALOFAR.  (Petr.'s Mem. Supp. of Reply to Mot. to Dismiss 2-3)  He points out that if his ALOFAR had been granted, the SJC would have considered all of the papers previously submitted to the Appeals Court, including the argument regarding exculpatory evidence.  (Petr.'s Mem. Supp. of Reply to Mot. to Dismiss 3)

Petitioner's argument has been expressly rejected by the First Circuit in *Mele*, which held that an issue must be presented within the "four corners of the ALOFAR" in order to satisfy the fair presentment requirement.  *Mele*, 850 F.2d at 823.  I will not read his ALOFAR against the backdrop of his earlier appeals because Petitioner did not "consistently assert" the claim regarding exculpatory evidence.  *See Scarpa*, 38 F.3d at 7.  Rather, he abandoned it in both of his ALOFARs.  Therefore, I find that Petitioner failed to exhaust the first claim in his habeas petition.

### b.     Claim Three - Vagueness

Petitioner next argues that Mass. Gen. Laws ch. 266, § 28 is unconstitutionally vague and overbroad because it does not define "motor vehicle" and "allows the police and prosecutor to proceed with selective law enforcement."  (Habeas Pet. 6;  Petr.'s Mem. Supp. of Habeas Pet. 10)

In support of this argument, Petitioner cites the Supreme Court's holding that an important aspect of the vagueness doctrine is the establishment of "minimal guidelines to govern law enforcement." (Petr.'s Mem. Supp. of Habeas Pet. 32-33 (citing *Kolender v. Lawson*, 461 U.S. 352, 358 (1983)))

Respondent argues that although the Petitioner's ALOFARs addressed the issue of the statute's definition of "motor vehicle," neither ALOFAR claimed that the statute was unconstitutionally vague; therefore, the federal issue was not fairly presented to the SJC. (Respt.'s Mem. Supp. of Mot. to Dismiss 5)  Petitioner argues that he raised the issue in his second ALOFAR and in his petition pursuant to Mass. Gen. Laws ch. 211, § 3.  (Petr.'s Mem. Supp. of Reply to Mot. to Dismiss 4)  Because I find that Petitioner fairly presented the claim of unconstitutional vagueness in his chapter 211, § 3 petition, there is no need for me to reach the issue of whether it was fairly presented in his second ALOFAR.

In his petition pursuant to Mass. Gen. Laws ch. 211, § 3, Petitioner argued that the inclusion of ATVs as "motor vehicles" within the scope of Mass. Gen. Laws ch. 266, § 28 allows for selective law enforcement.  In effect, he said, a person in possession of an allegedly stolen ATV could be prosecuted under either section 28, with a maximum penalty of fifteen years imprisonment, or section 60, with a maximum penalty of five years imprisonment.  Petitioner stated that "Due Process is denied where inherently vague statutory language permits selective law enforcement," citing the Supreme Court in *Smith v. Goguen*, 415 U.S. 566 (1974), and *Kolender v. Lawson*, 461 U.S. 352 (1983).  (Ch. 211, § 3 Pet. 3.)  Both decisions address the

federal constitutional doctrine of vagueness.[3]  Further, Petitioner argued that "[a] law is void for vagueness if persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.'" (Ch. 211, § 3 Pet. 3 (quoting *Caswell v. Licensing Comm'n for Brockton*, 387 Mass. 864, 873 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 572 n. 8 (1974))))

Petitioner satisfied the fair presentment requirement in several ways in his chapter 211 petition.  He referred to the federal constitutional doctrine of vagueness; he cited a specific provision of the Constitution, the Fourteenth Amendment; and he relied on federal constitutional precedents.  He presented his federal claim in such a way that "it is more likely than not that a reasonable jurist would recognize the constitutional dimensions of the petitioner's claims." *Barresi*, 296 F.3d at 52.  Therefore, I find that Petitioner has satisfied the exhaustion requirement with respect to the third claim in his habeas petition.

### 2.     Exceptions to the Exhaustion Requirement

Petitioner argues that even if he has failed to exhaust state court remedies, this court should consider the merits of his petition.  He thus would argue that I should consider the first claim of the present petition (the one claim he has not exhausted) on its merits.  He argues that review is available if he can demonstrate cause and prejudice, citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), and *Gunter v. Maloney*, 291 F.3d 74, 78 (1st Cir. 2002). (Petr.'s Reply to Mot. to Dismiss)  The cause and prejudice exception, however, applies only to habeas petitions

---

[3] In *Goguen*, the Supreme Court affirmed the grant of a writ of habeas corpus and held that a portion of the Massachusetts flag misuse statute was unconstitutionally vague. *Goguen*, 415 U.S. at 567.  And in *Kolender*, the Court held that a loitering statute "as it has been construed is unconstitutionally vague within the meaning of the Due Process clause of the Fourteenth Amendment by failing to clarify what is contemplated by the requirement that a suspect provide a 'credible and reliable' identification." *Kolender*, 461 U.S. at 353-54.

that would otherwise be barred by procedural default, not those barred by failure to exhaust state remedies. *See Coleman*, 501 U.S. at 750 (holding that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law"); *Gunter*, 291 F.3d at 78 (holding that a "finding by a state court that a defendant procedurally defaulted a claim bars federal habeas corpus relief on that claim unless that defendant as a petitioner shows . . . cause for the default and prejudice from the claimed violation of federal law").

Petitioner further argues that I should consider his petition because of his actual innocence, citing *Dretke v. Haley*, 541 U.S. 386, 392-93 (2004). (Petr.'s Mem. Supp. of Reply to Mot. to Dismiss 5)  Again, the "actual innocence" exception may apply only in the context of petitions barred by procedural default. *See Dretke*, 541 U.S. at 393-94 (declining to extend the actual innocence exception to procedural default situations, but holding that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default").

The only exceptions to the exhaustion requirement are listed in the statute.  The petitioner need not exhaust state remedies if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In addition, the Commonwealth may expressly waive the

requirement. 28 U.S.C. § 2254(b)(3). None of these exceptions applies to the case now before me.

### 3.     Consequences of Failure to Exhaust State Remedies

Respondent argues that if any of Petitioner's claims is unexhausted, the entire petition must be dismissed, while Petitioner contends that even if some claims are unexhausted, I may rule on the merits of the exhausted claims.

The Supreme Court has made clear that if each claim in a petition for a writ of habeas corpus has not been exhausted, the district court must dismiss the entire "mixed petition." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Petitioner may return to state court to exhaust his claims or may amend and resubmit the habeas petition to present only the exhausted claims. *Rose*, 455 U.S. at 510. The district court may reach the merits of the petition only in order to deny the petition in its entirety. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Petitioner cites *Cravalho v. Maine*, 300 F. Supp. 2d 189, 195 (D. Me. 2004), for the proposition that a district court may address the merits of a habeas petition even if some claims are unexhausted. (Petr.'s Mem. Supp. of Reply to Mot. to Dismiss 5) However, the court in *Cravalho* cited 28 U.S.C. § 2254(b)(2) and proceeded to deny the habeas petition. *Cravalho,* 300 F. Supp. 2d at 195-97. Thus, as *Cravalho* fully recognizes, I may consider the merits of Petitioner's claims only in order to deny his petition.

The Supreme Court has recently approved the use of a "stay and abeyance" in certain cases of mixed petitions. In *Rhines v. Weber,* 125 S. Ct. 1528 (2005), the Court acknowledged that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132,

110 Stat. 1214, placed some petitioners in a difficult position by adding a one-year statute of limitations for habeas petitions under 28 U.S.C. § 2254, while simultaneously codifying the exhaustion requirement. *See Rhines*, 125 S. Ct. at 1533. Because the limitations period is not stayed during the pendency of federal proceedings, a petitioner whose petition is dismissed due to failure to exhaust some claims may find the limitations period expired. The Court therefore allowed for use of the stay and abeyance procedure under limited circumstances: the district court must determine "there was good cause for the petitioner's failure to exhaust his claims first in state court," and the unexhausted claims must not be "plainly meritless." *Rhines,* 125 S. Ct. at 1535. Further, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 125 S. Ct. at 1535.

Petitioner has not requested a stay and abeyance; however, Respondent argues that a stay should *not* be granted. (Respt.'s Mem. Supp. of Mot. to Dismiss 6.)

As noted earlier, Petitioner has failed to exhaust the first claim presented in his petition for a writ of habeas corpus. Petitioner argues that the omission of the claim in his first ALOFAR was due to his appellate counsel's choice and space constraints. When a party is faced with a page limit, he must choose which of his arguments are most important. If an argument is abandoned in the ALOFAR because of the page limit, the party has decided that the argument is not significant enough, relative to other arguments, for SJC consideration. Such decisions must frequently be made. Here, a rational choice was made to abandon the argument concerning the loss of exculpatory evidence in favor of arguments thought to be stronger. Petitioner may not go back now and retrieve the abandoned argument. Furthermore, Petitioner had the opportunity to raise the claim in his subsequent petition pursuant to Mass. Gen. Laws ch. 211, § 3 or in his second

ALOFAR. He did not do so, and he has offered no good cause for his failure to include the claim in these filings. Therefore, I will not issue a stay and abeyance to allow Petitioner to return to state court to exhaust this claim.

On the other hand, I will not immediately dismiss the petition. Instead, I will enter today a conditional order of dismissal, one that is subject to further response from the petitioner. The Supreme Court made clear that even if the district court determines that a stay is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines,* 125 S. Ct. at 1535. Therefore, I will give Petitioner thirty days from the date of the entry of this memorandum and order to inform the court whether he intends to attempt to exhaust his first claim in state court or proceed in this court on his unexhausted claims. If, at the end of the thirty-day period, Petitioner has not informed the court of his intention to proceed here on his unexhausted claims, the order of dismissal will become final.

B.    **Petitioner's Motion for Reconsideration**

Petitioner asks me to reconsider my decision to remove the Attorney General of Massachusetts as one of the respondents. Petitioner faces deportation upon the completion of his sentence; at that time, he argues, he will be in the custody of the Department of Homeland Security ("DHS"). His contention appears to be that because he faces future DHS custody, he must name the Attorney General under Rule 2(b) of the Rules Governing § 2254 cases, which prescribes the procedure to be used for a petition challenging a judgment under which the petitioner will be subject to custody in the future. (Petr.'s Mot. for Reconsideration 1-2)

An examination of the Rule and the accompanying Advisory Committee Notes reveals that Rule 2(b) is *not* applicable to the Petitioner, and that he cannot name the Attorney General as a respondent. The Rules Governing § 2254 draw a distinction between a petitioner "currently in custody under a state-court judgment" and a petitioner who "may be subject to future custody under the state-court judgment." If the petitioner is currently in custody, he must "name as respondent the state officer who has custody." Rules Governing § 2254 Cases, Rule 2(a). However, "[i]f the petitioner is not yet in custody - - but may be subject to future custody - - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rules Governing § 2254 Cases, Rule 2(a)-(b). The Advisory Committee Notes explain that, although Rule 2(b) might apply to a petitioner who is currently in prison, it will apply only if the petitioner "is attacking a state action which will cause him to be kept in custody in the future *rather than* the government action under which he is presently confined." Rules Governing § 2254 Cases, Rule 2(b) Advisory Committee's Note.

Thus, it is clear that Rule 2(b) does not apply to the petitioner as long as he is in custody in Massachusetts and challenging a judgment of a Massachusetts court. Rather, Rule 2(a) dictates that he name only his current custodian as respondent. Accordingly, I will not reconsider my decision to remove the Attorney General of Massachusetts as a respondent in this case.

### IV. Conclusion

Respondent's Motion to Dismiss is hereby GRANTED subject to the condition that:

(a) Petitioner has thirty (30) days from the date of the entry of this memorandum and order to advise this court whether he intends to return to state court to attempt to

       exhaust his pending state remedies, or whether he will proceed in this court on the basis of his exhausted claims.

(b)     At the conclusion of the thirty (30) days, unless this court has been advised of Petitioner's intention to proceed with his exhausted claims, this conditional order of dismissal will become final.

Petitioner's Motion for Reconsideration of the Procedural Order to Name Only Michael Thompson as Respondent is DENIED.

    IT IS SO ORDERED.

                                     /s/ REGINALD C. LINDSAY
                                      United States District Judge

DATED:   October 24, 2005