UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

Raul P. Gonsalves,
    Petitioner,

v.

Michael Thompson,
    Respondent.

Civ.A.No.05-10618-RCL

## Motion For Certificate Of Appealability

Petitioner, Raul P. Gonsalves, moves this court to issue a Certificate of Appealability ("COA") on the petitioner's Motion to Reopen filed pursuant to Rule 60(b).

### STATEMENT OF CASE

On March 14th, 2005, petitioner filed a Writ Of Habeas Corpus pursuant to 28 USC § 2254 with this court. On May 27, 2005, Judge Reginald C. Lindsay ordered that respondent file an answer within 20 days. On June 22, 2005, the respondent filed an answer along with a motion to dismiss. On October 24, 2005, judge Lindsay entered an order giving the petitioner 30 days to respond or the case would be dismissed.

On the Date of the order, the petitioner was being detained by the Department Of Homeland Security ("DHS") at Suffolk County House of Correction (Since 10/11/05). However, on October 27, 2005, petitioner was moved from Suffolk County to Bristol County House of Correction in North Dartmouth, Massachusetts. On October 31, 2005, petitioner mailed a hand written letter to the clerks office advising the court of

1

his change of address. However, because the petitioner was not allowed to bring anything with him from Suffolk County to Bristol County he had no envelopes, stamps, paper, etc., so he borrowed a stamp and peice of paper from another detainee to write to the court, but at the time could not get an envelope, so petitioner folded up the letter and stapled it together and wrote the addresses on the paper and put the stamp on it and put it in the institutional mail box.

It is believed that because the letter was not in an envelope that states the contents comes from Bristol County, that it was not mailed out. However, it was not returned to petitioner. On October 3, 2005, the petitioner filed with this court a motion to have additional service of all papers served on his power of attorney due to the situation he is in with the Immigration authorities or DHS and on November 9, 2005, the petitioner filed a motion for expedited decision from the Bristol County House of Correction.(See Docket #22 &26).

The petitioner never received the judges decision and therefore could not possibly have responded. The petitioner only became aware of the judges decision after requesting a copy of the Docket sheet on December 20, 2005.

Petitioner then filed a Motion to Reopen pursuant to Rule 60(b) on December 28, 2005, and on January 30, 2006, the motion was denied. On February 2, 2006, petitioner filed a Notive of Appeal and now seeks a COA.

ARGUMENT

The Docket Sheet clearly reflects that the petitioner never received the judges order because the mail was returned as undeliverable on 12/13/05. (See Docket between 27 & 28).

The Supreme Court held that Rule 60(b) remains viable in the habeas context only to the extent it is "not inconsistent with" AEDPA and other applicable federal statutory provisions and Rules. Gonzalez v. Crosby, 125 S.Ct. 2641, 2646 (2005). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discoverd evidence". 125 S.Ct. at 2645.

The First Circuit Court of Appeals has discussed certain circumstances in which Rule 60(b) may apply in the habeas context, "Say, for instance, that a Federal Judge dismisses a habeas petition because the petitioner failed to respond to a show-cause order--and a subsequent Rule 60(b) motion alleges that the show-cause order was never served on petitioner". Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003). In the instant case the judges order was not served on the petitoner at his current address or to his power of attorney therefore he could not possibly respond to the order.

The petitoner should not be shut out of Federal Court without any adjudication of the merits of his claims because of a failure to respond to a ruling that petitioner never received. The Supreme Court has stressed, "dimissal of a

3

first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty". Lonchar v. Thomas, 517 US 314, 324, 116 S.Ct. 1293 (1996), see also Slack v. McDaniel, 529 US 473, 483, 120 S.Ct. 1595 (2000)("The writ of habeas corpus plays a vital role in protecting constitutional rights"). When a habeas petition has been dismissed on a clearly defective procedural ground, the State can hardly claim a legitimate interest in the finality of that judgment. Indeed, the state has experienced a windfall, while the state prisoner has been deprived-- contrary to congressional intent-- of his valuable right to one full round of federal habeas review. See, Stevens, J., dissenting opinion, Gonzalez v. Crosby, 125 S.Ct. 2641, 2653 (2005).

A COA will issue only where the petitioner has made a "substantial showing of the denial of a constitutional right". 28 USC § 2253(c)(2). Under that standard, a petitioner must show that "reasonable jusist could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further". Miller-El v. Cockrell, 537 US 322, 355-56, 123 S.Ct. 1029, 1039 (2003); Lopez v. U.S., 344 F.Supp.2d 777, 780 (D.Mass. 2003). "In plain English, this court is to grant a COA if the issues on which it found against the petitioner were close. This Court

must state the reasons why the COA should not issue if it denies the COA". Lopez, 344 F.Supp.2d at 780. See also Local Rule 22.1(a).

The petitioner does not challenge or seek a COA regarding the judges order on October 24, 2005, but rather seeks a COA on the Motion to Reopen pursuant to Rule 60(b) mailed on December 28, 2005, and denied on January 30, 2006. It is believed that a reasonable jurist would agree that the petitioner or his power of attorney never received the judges order and therefore the case should have been reopened. The Supreme Court has consistently recognized that Rule 60(b) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice'". See Gonzalez v. Crosby, 125 S.Ct. at 2653-54, citing, Lijebrg v. Health Services Acquisition Corp., 486 US 847, 864, 108 S.Ct. 2194 (1988)(quoting Klapprott v. United State, 335 US 601, 614-15, 69 S.Ct. 384 (1949).

Petitioner faces a lifetime barr from the United States due to the conviction being attacked in the writ and the conviction was obtained in violation of the Sixth and Fourteenth Amendment of the United States Constitution. It would be unjust that a person who was unlawfully convicted would not even get a chance to have his claims adjudicated on the merits due to a failure of the Bristol County House of Correction's failure to mail out the petitioner's mail or the court to acknowledge it. Whatever the case may be, the

5

fact remains that the petitioner never received the judge's order and therefore could not possibly have responded. Had the petitioner received the order, he would have proceeded with whatever issues the court deemed exhausted.

In the interest of justice petitioner prays that this Honorable Court issue a Certificate Of Appealabliity.

Respectfully Submitted on this 6th day of February, 2006.

*Raul Gonsalves*, pro se.

Raul P. Gonsalves #137741 GC-34
Bristol County House Of Correction
400 Faunce Corner Road
North Dartmouth, MA 02747

6

CERTIFICATE OF SERVICE

I, Raul P. Gonsalves, hereby certify that on Feb. 6th, 2006, I mailed a copy of Motion For Certificate of Appealabilty to Respondent's attorney of record, Eva M. Badway, Attorney General's Office, One Ashburton Place, Boston, MA 02108, by mailing such, via first class mail, postage pre-paid.

*Raul Gonsalves*

Raul P. Gonsalves 137741 GC-34
Bristol County House of Correction
400 Faunce Corner Road
North dartmouth, MA 02747